UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08315-RGK-PVC | Date | November 25, 2024 |
|---|---|---|---|
| Title | *Jose Estrada v. Tesla, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 13]

## I. INTRODUCTION

On August 21, 2024, Jose Estrada ("Plaintiff") filed a Complaint in state court alleging violations of the Song-Beverly Consumer Warranty Act against Tesla, Inc. ("Defendant"). (ECF No. 1-1.) On September 26, 2024, Defendant removed the action to federal court based on diversity jurisdiction. (ECF No. 1.)

On October 28, 2024, Plaintiff filed the instant Motion to Remand. (ECF No. 13.) For the following reasons, the Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

The following facts are alleged in the Complaint unless otherwise stated:

On March 15, 2020, Plaintiff signed a retail installment sale contract for a 2020 Tesla Model 3 (the "Vehicle"). (Compl. ¶ 6.) The vehicle had defects and nonconformities, including an errant warning message, which impaired its value and safety to Plaintiff. (*Id.* ¶¶ 11, 27.) Since purchasing the Vehicle, however, Plaintiff has delivered it to Defendant's authorized service and repair facilities at least six separate times, rendering the Vehicle out of service. (*Id.* ¶ 10.) Each time Plaintiff delivered the Vehicle to Defendant's authorized service facility, the facility represented to Plaintiff that following repairs, the Vehicle would conform to the applicable warranties. (*Id.* ¶ 13.) However, they were unable to cure the defects and conformities even after a reasonable number of attempts. (*Id.*)

As a result, Plaintiff sought legal recourse. In November 2023, Plaintiff filed an arbitration demand, demanding $124,153.53. (Cowden Decl., Ex. E, ECF No. 18-7.) By January 22, 2024, the arbitration case was closed. (Pl.'s Mot. at 4, ECF No. 13.) As a result, Plaintiff filed his state court Complaint.

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08315-RGK-PVC | Date | November 25, 2024 |
|---|---|---|---|
| Title | *Jose Estrada v. Tesla, Inc. et al.* | | |

### III. JUDICIAL STANDARD

Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

### IV. DISCUSSION

Plaintiff argues that Defendant has failed to establish the amount in controversy exceeds $75,000 as Defendant's calculations are too speculative.[1] The Court agrees.

The amount in controversy requirement is "presumptively satisfied" when the complaint clearly alleges an amount in controversy greater than $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). To defeat removal in such cases, the plaintiff must prove to a "legal certainty" that amount in controversy cannot possibly exceed the jurisdictional threshold. *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996). However, "[when] it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (cleaned up).

Defendant argues that the amount in controversy requirement is presumptively satisfied because Plaintiff sought $124,152.33 in his original arbitration demand, prior to filing his Complaint. (Cowden Decl., Ex. E.) Defendant further argues that, as a result, Plaintiff bears the burden of proving by a "legal certainty" that he cannot recover this amount. However, this $124,152.33 figure is not present in the Complaint. Defendant does not offer any authority suggesting that a demand for relief, let alone one that predates the litigation at hand, would have the presumptive effect described in *Paul Mercury Indemnity* and *Sanchez*. Absent that authority, and absent any allegations in the complaint that clearly allege an

---

[1] Because Defendant fails to establish the amount in controversy requirement is met, the Court need not decide whether Defendant established the complete diversity of the parties.

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08315-RGK-PVC | Date | November 25, 2024 |
|---|---|---|---|
| Title | *Jose Estrada v. Tesla, Inc. et al.* | | |

amount in controversy greater than $75,000, Defendant bears the burden of establishing the amount in controversy by a preponderance of the evidence.

     Defendant alternatively argues that the evidence demonstrates that the amount in controversy is at least $111,900.00. According to the sales contract, the price of the Vehicle was $37,300.00, meaning that Plaintiff may obtain that much in actual damages. (Notice of Removal, Ex. B, ECF No. 1-2.) And because a plaintiff may receive civil penalties of up to two-times his actual damages, Plaintiff may receive an additional $74,600.00, for a total of $111,900.00, before even considering attorneys' fees. Defendant misses the mark. Defendant asks the Court to assume a maximum civil penalty. However, there is no basis for this assumption beyond mere speculation. The Court declines to include such speculative amounts in its calculation of the amount in controversy. Accordingly, the Court finds that Defendant failed to show by a preponderance of evidence that the amount in controversy meets the jurisdictional requirement. Thus, the Court **GRANTS** Plaintiff's Motion to Remand.

**V.     CONCLUSION**

     For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion **REMANDS** the action to state court for all further proceedings.

     **IT IS SO ORDERED.**

cc:  LASC, 24STCV21344

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sf |